UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,   **DECISION AND ORDER**

v.   6:16-CR-06014 EAW

TAJ WILLIAMS,

        Defendant.
_____

Defendant Taj Williams ("Defendant") has been charged in a three-count Indictment with various crimes related to a fire which occurred on January 18, 2015, at 989 Chili Avenue in Rochester, New York, as follows: (1) Count One charges violations of 18 U.S.C. § 844(i); (2) Count Two charges violations of 26 U.S.C. §§ 5822, 5845(a)(8), 5845(f), 5845(i), 5861(c), and 5871; and (3) Count Three charges violations of 26 U.S.C. §§ 5841, 5845(a)(8), 5845(f), 5861(d), and 5871. (Dkt. 17). This Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). (Dkt. 18).

Defendant filed pretrial motions seeking various forms of relief, but only one is now at issue: Defendant's motion to suppress statements that he allegedly made during an interrogation on January 18, 2015, conducted in an interview room of the Rochester Public Safety Building, after Defendant was arrested on a felony traffic violation. (Dkt. 24).

Magistrate Judge Payson conducted an evidentiary hearing on June 14, 2016, at which the Government elicited testimony from Thomas Dorrer, a member of the Arson

Task Force and an Investigator with the City of Rochester Fire Department. (*See* Dkt. 32). Dorrer was the only witness to testify at the suppression hearing, and a transcript of that hearing was prepared. (*Id.*). In addition, various exhibits were admitted into evidence at the hearing, including Government Exhibit 1, consisting of a video recording of Defendant's interview. (*See id.* at 12).

Following the hearing and the filing of post-hearing submissions, Magistrate Judge Payson issued a thorough Report & Recommendation that this Court deny the motion to suppress statements. (Dkt. 37). Defendant timely filed objections to the Report & Recommendation (Dkt. 38), and the Government timely filed its response (Dkt. 41).

This Court reviews Defendant's objections under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (requiring a district court to make *de novo* determinations to the extent that a party makes specific objections to a magistrate's findings). After the required *de novo* review, this Court concludes that Defendant's motion to suppress statements should be denied.

Prior to being questioned at the Public Safety Building, Defendant was administered *Miranda* warnings and asked whether he understood his rights, to which Defendant responded "Um-hum" and nodded his head. (Dkt. 32 at 16-17). Nonetheless, Defendant argues that his statements should be suppressed "[b]ecause of the degree of

coordinated trickery and coercion by law enforcement in this case." (Dkt. 38 at 5). Defendant points to three circumstances as evidence that there was "a concerted effort by law enforcement to overcome [Defendant's] will:" his pretextual arrest, law enforcement's statement that Defendant was not under arrest at the time of his questioning, and law enforcement's failure to fully inform Defendant of the purpose of the questioning. (*Id.* at 5-6).

After reviewing the transcript of the suppression hearing and the relevant portions of the video recording of the interview, and after considering the arguments advanced by Defendant, as well as the thorough Report & Recommendation and its factual and legal conclusions, the Court sees no reason to modify or reject Magistrate Judge Payson's recommendation. Based upon a review of the record and the relevant case law, it is apparent that Defendant voluntarily and knowingly waived his rights, and that his statements were voluntary and free from undue coercion. The conduct of law enforcement in this case—whether it be the fact that Defendant was arrested for a felony traffic violation but questioned about the arson, or the fact that Defendant was told "no" when he asked during the administration of the *Miranda* warnings whether he was under arrest—did not constitute constitutionally impermissible trickery or deceit. Magistrate Judge Payson cited ample authority to support her Report & Recommendation (*see* Dkt. 37 at 11-18), and based upon this Court's review of that case law, it is apparent that the magistrate judge correctly analyzed those cases to support the conclusion that law enforcement's conduct in this case was not sufficiently coercive so as to render Defendant's statements involuntary.

Therefore, based upon this Court's *de novo* review, Defendant's motion to suppress statements (Dkt. 24) is denied for the reasons set forth more fully in the Report & Recommendation.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 28, 2016
       Rochester, New York