UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

TAJ WILLIAMS,

           Defendant.

**DECISION AND ORDER**

6:16-CR-06014 EAW

---

## **INTRODUCTION**

Defendant Taj Williams ("Defendant") has been charged in a three-count Indictment with various crimes related to a fire occurring on January 18, 2015, at 989 Chili Avenue in Rochester, New York, as follows: (1) Count One alleges that Defendant damaged and destroyed a building in violation of 18 U.S.C. § 844(i); (2) Count Two alleges that Defendant possessed three Molotov cocktails in violation of 26 U.S.C. §§ 5822, 5845(a)(8), 5845(f), 5845(i), 5861(c), and 5871; and (3) Count Three alleges that Defendant possessed unregistered Molotov cocktails in violation of 26 U.S.C. §§ 5841, 5845(a)(8), 5845(f), 5861(d), and 5871. (Dkt. 17). This Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). (Dkt. 18).

Presently before the Court are Defendant's objections (Dkt. 51) to the Report & Recommendation issued by Judge Payson on April 6, 2017 (Dkt. 50). For the reasons set forth below, after a *de novo* review, this Court accepts and adopts the Report &

Recommendation (Dkt. 50), and Defendant's motion to suppress tangible evidence (Dkt. 24) is denied.

## BACKGROUND

Defendant filed pretrial motions seeking various forms of relief, but only one is now at issue: his motion to suppress tangible evidence. (Dkt. 24 at 7-9). Specifically, Defendant contends that law enforcement conducted an illegal pre-warrant search of his vehicle, and then relied on observations from that illegal search to obtain a search warrant. (*Id.*).

Judge Payson filed a first Report & Recommendation on October 26, 2016, finding, *inter alia*, that the Government had established that there was sufficient probable cause to support the warrant, independent of any possible illegal search of Defendant's vehicle. (Dkt. 37 at 18-22). However, Judge Payson found insufficient information in the record concerning whether law enforcement would have applied for a warrant in the absence of observations made during the pre-warrant vehicle search. (*Id.* at 22).

Judge Payson conducted an evidentiary hearing on December 5, 2016, at which the Government elicited testimony from Investigator Andrew MacKenzie ("MacKenzie"), a member of the Arson Task Force who is employed by the City of Rochester Police Department. (*See* Dkt. 44). MacKenzie was the only witness to testify. (*See id.*).

Following the hearing and the filing of post-hearing submissions, Judge Payson issued a second Report & Recommendation ("R&R") recommending that this Court deny

Defendant's motion to suppress tangible evidence. (Dkt. 50). Defendant timely filed objections (Dkt. 51), and the Government timely filed its response (Dkt. 53).

Although Defendant does not contest Judge Payson's prior determination that there was sufficient probable cause to support the warrant application even without the illegally obtained information (*see* Dkt. 37; Dkt. 38; Dkt. 41; Dkt. 51), Defendant does object to Judge Payson's Report & Recommendation concluding that the investigating officer would have applied for a warrant in the absence of the observations made during the pre-warrant vehicle search (*see* Dkt. 50; Dkt. 51).

## STANDARD OF REVIEW

A district court reviews any specific objections to a report and recommendation under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Following review of the report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Further, "[t]he Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v.*

*Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) (citing *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge." (quoting *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999)))); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised."); *see also United States v. Raddatz*, 447 U.S. 667, 675-76, (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings).

## DISCUSSION

Defendant contends that MacKenzie's testimony was not credible, and Judge Payson incorrectly rejected his argument that MacKenzie's observation of a gas can in the trunk of the vehicle played a role in the decision to seek a search warrant. (Dkt. 51 at 6). Defendant argues that in making this credibility determination, Judge Payson did not appropriately consider the "outrageous ruse" employed by MacKenzie to arrest Defendant for a traffic offense. (*Id*. at 5).

As set forth by the United States Supreme Court:

> The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search, and of testimony concerning knowledge acquired during an unlawful search. Beyond that, the exclusionary rule also prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search, up to

the point at which the connection with the unlawful search becomes "so attenuated as to dissipate the taint."

*Murray v. United States*, 487 U.S. 533, 536-37 (1988) (citations omitted). However, "the exclusionary rule has no application where the Government learned of the evidence 'from an independent source.'" *Segura v. United States*, 468 U.S. 796, 805 (1984) (citation omitted); *see, e.g.*, *Nix v. Williams*, 467 U.S. 431, 443 (1984) ("The independent source doctrine allows admission of evidence that has been discovered by means wholly independent of any constitutional violation."). "[E]vidence will not be excluded . . . unless the illegality is at least the 'but for' cause of the discovery of the evidence.'" *Segura*, 468 U.S. at 815. The independent source doctrine allows "'second-look' warrants" where the warrant was supported by probable cause from sources independent of the alleged illegal search, and the information gleaned from the illegal search did not prompt the decision to apply for the warrant. *United States v. Johnson*, 994 F.2d 980, 987 (2d Cir. 1993).

Here, for the reasons set forth in Judge Payson's Reports & Recommendations (Dkt. 37; Dkt. 50), both elements of the independent source exception to the exclusionary requirement are met. This Court has carefully reviewed the transcript of the testimony at the evidentiary hearing on December 5, 2016 (Dkt. 46), and concludes that Judge Payson's credibility determinations are amply supported by the record. Thus, the record establishes that the second prong of the independent source exception has been met. Therefore, after conducting a *de novo* review, the Court agrees with Judge Payson's

recommendation that the motion to suppress should be denied, for the reasons set forth in the Reports & Recommendations.

## **CONCLUSION**

For the foregoing reasons, this Court accepts and adopts the Report & Recommendation filed on April 6, 2017 (Dkt. 50), and Defendant's motion to suppress tangible evidence (Dkt. 24) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: May 1, 2017
       Rochester, New York