UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAJ WILLIAMS,

            Petitioner,

    v.

UNITED STATES OF AMERICA,

            Respondent.
_____

**DECISION AND ORDER**

6:16-CR-06014 EAW
6:20-CV-06847 EAW

## I.    BACKGROUND

Petitioner Taj Williams ("Petitioner") was convicted after a jury trial of one count of damaging and destroying a building used in interstate commerce by fire in violation of 18 U.S.C. § 844(i) and one count of possession of unregistered Molotov cocktails in violation of 26 U.S.C. §§ 5841, 5845(a)(8), 5845(f), 5861(d), and 5871. (Dkt. 17; Dkt. 77).[1] On April 11, 2018, Petitioner was sentenced to 104 months incarceration followed by three years of supervised release. (Dkt. 87; Dkt. 89). Petitioner pursued an appeal before the United States Court of Appeals for the Second Circuit (Dkt. 92), and by decision issued November 22, 2019, the court affirmed the conviction and sentence (Dkt. 112). Petitioner is currently serving his sentence at FCI Danbury, with a scheduled release date

---

[1]     All references to the docket ("Dkt.") in this Decision and Order are to the docket in Criminal Action No. 6:16-CR-06014 EAW.

of December 15, 2024.  *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited December 13, 2023).[2]

Pending before the Court is Petitioner's *pro se* motion to vacate filed pursuant to 28 U.S.C. § 2255.  (Dkt. 115).  Petitioner asserts the following arguments in support of the pending petition: (1) his trial counsel was ineffective by failing to investigate/interview potential alibi witnesses and call them to testify; (2) his trial counsel was ineffective by failing to present a defense case; (3) his trial counsel was ineffective by advising Petitioner not to testify; (4) his trial counsel was ineffective by not challenging the government's evidence; (5) his trial counsel was ineffective by failing to make a Rule 29 motion after trial; and (6) the District Court erred by not moving *sua sponte* for an immediate Rule 29 inquiry.  (*Id*. at 3-4).  The government opposes the petition.  (Dkt. 118).

For the reasons set forth below, the petition is denied.

## II.    SUMMARY OF THE TRIAL PROOF

The jury trial in this case commenced on September 11, 2017, and concluded on September 18, 2017, with the return of the guilty verdict.  (Dkt. 71; Dkt. 76).  The government introduced numerous exhibits into evidence, including physical items and videos and photographs.  In total, the government presented eleven witnesses to testify at the trial.

---

[2]    Based on publicly available information with the Bureau of Prisons website, Petitioner has not updated his address.  The Clerk of Court is directed to update Petitioner's address to FCI Danbury, 33 ½ Pembroke Station, Route 37, Danbury, CT 06811.

These witnesses and exhibits established that Petitioner used a white Chevy Trailblazer with distinctive features, including a dark-colored hood and missing fuel door on the driver's side of the vehicle; a vehicle matching this description was observed on video near the Chili Express Mini Mart at 989 Chili Avenue in the City of Rochester, on January 18, 2015, at or about the time that a fire occurred; a male individual wearing a hoodie was observed on video smashing the glass door of the store with a tire iron and starting the fire at the location through the use of Molotov cocktails; items were recovered from a white Chevy Trailblazer operated by Petitioner that were linked to the fire, including a torn blue blanket that matched the fibers found in the remnants of the broken Molotov cocktail bottles at the Chili Express Mini Mart, a gray hoodie sweatshirt containing gasoline that appeared similar to the one worn by the male individual observed on video starting the fire, and a tire iron with shards of glass. In addition, a video-recorded post-*Miranda* interview of Petitioner was introduced into evidence and played to the jury, during which Petitioner made several demonstrably false and conflicting statements concerning his whereabouts and activities during January 18, 2015.

### III.  **LEGAL STANDARD**

A prisoner in federal custody may challenge the validity of his sentence by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255(a). "Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral

attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255).

In reviewing a *pro se* petition for habeas corpus, the Court must be mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted); *see also Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) ("[D]ue to the *pro se* petitioner's general lack of expertise, courts should review habeas petitions with a lenient eye. . . .").

Petitioner seeks relief primarily on the basis that he allegedly received ineffective assistance of counsel at trial. The Sixth Amendment to the United States Constitution guarantees criminal defendants the effective assistance of counsel. In assessing any claim of ineffective assistance of counsel, the presumption is that counsel was effective. *Greiner v. Wells*, 417 F.3d 305, 320 (2d Cir. 2005).

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Petitioner must show that his attorney's performance "fell below an objective standard of reasonableness." *Id*. at 688. Second, Petitioner must show that his counsel's deficient performance prejudiced his defense. *Id*. at 687. A petitioner "bears a heavy burden" in proving ineffective assistance of counsel. *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004). "The habeas petitioner bears the burden of

establishing both deficient performance and prejudice." *Greiner*, 417 F.3d at 319 (citations omitted).

Although a prisoner may not use a § 2255 petition to re-litigate issues that were decided against him on direct appeal, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## IV. DISCUSSION

### A. Grounds One, Two, and Three

Petitioner contends that trial counsel was ineffective by not interviewing certain individuals that Petitioner identified as alibi witnesses and calling them to testify as part of a defense case. (Dkt. 115 at 8). Petitioner argues that the Court must conduct a hearing to evaluate his claims in this regard. (*Id*. at 9). Petitioner submits that the "testimony of the alibi witnesses would have proved that he was not the alleged person who committed the charged offense(s)" and therefore the failure to call these witnesses was prejudicial. (*Id*. at 10). Petitioner further argues that trial counsel's failure to present any defense case—including alibi witnesses—was objectively and subjectively unreasonable. (*Id*. at 11-12). Finally, Petitioner contends that trial counsel's advice that he not testify constituted ineffective assistance of counsel. (*Id*. at 12-13).

With respect to Petitioner's allegations concerning the purported alibi witnesses, he fails to identify any "alibi worth investigating." *Hamilton v. Lee*, 94 F. Supp. 3d 460, 478 (E.D.N.Y. 2015), *aff'd*, 707 F. App'x 12 (2d Cir. 2017). Petitioner simply makes conclusory claims that trial counsel failed to investigate or present "alibi witnesses," but

he offers no specifics as to who these alibi witnesses were or what they would have purportedly offered. (*See* Dkt. 115 at 8-9). "In the § 2255 context, 'presentation of conclusory allegations unsupported by specifics is subject to summary dismissal.'" *Prelaj v. United States*, No. 16-CR-55-1 (RJS), 2020 WL 3884443, at *7 (S.D.N.Y. July 9, 2020) (quoting *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013)). This is true even in the case of *pro se* filings. *Id.* Thus, assuming that Petitioner could establish that the failure to present an alibi defense "was not strategic or otherwise legitimate, he would still be unable to show that he was prejudiced by this decision." *Hamilton*, 94 F. Supp. 3d at 478; *see Nosov v. United States*, 526 F. App'x 127, 129 (2d Cir. 2013) (defense counsel's "strategic decision not to present evidence that was easily discredited and suggestive of dishonesty" is virtually unchallengeable).

Similarly, Petitioner's challenge to the failure to present a defense case offers no specifics as to what the defense case should have entailed or covered. "A petitioner may not merely allege that certain unidentified witnesses 'might' have supplied relevant testimony, but must state exactly what testimony they would have supplied and how such testimony would have changed the result." *Rosario v. Bennett*, No. 01 CIV. 7142(RMB)(AJ, 2002 WL 31852827, at *33 (S.D.N.Y. Dec. 20, 2002) (collecting cases); *see also Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (petitioner "raised no cognizable claim" where "at no place did [he] give any indication of who the uninterviewed witnesses might be, or the subject matter of their potential testimony, or what defense they might tend to establish").

The decision "whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987). Such decisions "if reasonably made, will not constitute a basis for an ineffective assistance claim." *Id.*; *see also United States v. Eyman*, 313 F.3d 741, 743 (2d Cir. 2002) ("A failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel."). "Moreover, a petitioner does not show that he was prejudiced by trial counsel's alleged deficient performance merely by asserting that certain witnesses *might* have supplied relevant testimony; rather, he must state exactly what testimony they would have supplied and how such testimony would have changed the result." *Carr v. Senkowski*, No. 01-CV-689, 2007 WL 3124624, at *21 (W.D.N.Y. Oct. 23, 2007) (citing, *inter alia*, *Alexander*, 775 F.2d at 602). The petitioner also must show that the witness would have testified at trial. *See, e.g.*, *Alexander*, 775 F.2d at 602; *Carr*, 2007 WL 3124624, at *21. "Courts have viewed claims of ineffective assistance of counsel skeptically when the only evidence of the import of a missing witness' testimony is from the [petitioner]." *Croney v. Scully*, No. CV-86-4335, 1988 WL 69766, at *2 (E.D.N.Y. June 13, 1988) (citing *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983)), *aff'd*, 880 F.2d 1318 (2d Cir. 1989).

Moreover, Petitioner's argument in this regard is factually incorrect, as trial counsel did recall a government witness (ATF Agent Dixon Robin) as part of the defense case (*see*

Dkt. 109 at 29-32)[3] and introduced exhibits (*see id*. at 3 & 31).  Moreover, after the one defense witness testified, Petitioner confirmed that he had no further proof to offer.  (*Id*. at 32).[4]  Thus, Petitioner has failed to establish that the decisions with respect to a defense case were objectively unreasonable.  *See*, *e.g.*, *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998) ("The decision not to call a particular witness is typically a question of trial strategy that appellate courts are ill-suited to second-guess.").  Furthermore, because the proof against Petitioner was significant—including the video evidence, the items recovered from the Chevy Trailblazer, and Petitioner's own video-recorded statements—even if trial counsel's performance with respect to the presentation of a defense case was objectively unreasonable, Petitioner cannot show prejudice.  *Armstrong v. Kemna*, 590 F.3d 592, 605 (8th Cir. 2010) ("[T]here is no prejudice if, factoring in the uncalled witnesses, the government's case remains overwhelming." (quotation and citation omitted)).

Finally, with respect to the allegations concerning Petitioner's right to testify, there is no question but that "a defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense."  *Rock v. Arkansas*, 483 U.S. 44, 49 (1987).  "[T]he decision whether to testify belongs to the defendant and may not be made for him by defense counsel."  *Brown v. Artuz*, 124 F.3d 73, 78 (2d Cir. 1997).  "Although counsel . . . may strongly advise the course that counsel thinks best, counsel must inform the defendant

---

[3]  The references to any transcript in this Decision and Order are to the automatically generated pages through CM/ECF as opposed to the transcript pages.

[4]  As reflected by the transcript, the Court directed the question to defense counsel, but Petitioner himself spoke up before defense counsel had an opportunity to respond and confirmed that there was no further proof.

that the ultimate decision whether to take the stand belongs to the defendant, and counsel must abide by the defendant's decision on this matter." *Id*. at 79. "[A]ny claim by the defendant that defense counsel has not discharged this responsibility—either by failing to inform the defendant of the right to testify or by overriding the defendant's desire to testify—must satisfy the two-prong test established in [*Strickland*], for assessing whether counsel has rendered constitutionally ineffective assistance." *Id*.

Here, the record is unequivocal that Petitioner was advised of his right to testify and that any decision in that regard was personal to him and could only be waived by Petitioner (and not his counsel). Specifically, the Court engaged in the following colloquy with Petitioner at the point in the trial when he elected not to testify on his own behalf:

> THE COURT: Come up to the podium, Mr. Williams. So, Mr. Williams, there [are] a lot of decisions that are obviously made throughout the course of the trial that your attorney makes, strategic decisions, tactical decisions, obviously consulting with you, where really a lot of the decisions the attorney makes. One of the fundamental decisions that is the defendant's and the defendant's alone is whether or not to get up on that witness stand and testify or to not testify. You have a constitutional right to take that witness stand and testify to this jury and you also have a constitutional right to elect not to do that. And I will instruct, if requested, the jury that if you chose not to testify, they can, in no way, consider that as evidence of your guilt or evidence of anything else. But the decision is yours and yours alone and so have you had an opportunity to consult with Mr. Slawinski and make this determination.
>
> THE DEFENDANT: Yes, we talked about it.
>
> THE COURT: And what is your decision with respect to whether or not to testify.
>
> THE DEFENDANT: I'm not.
>
> THE COURT: You're not going to testify.

>THE DEFENDANT: Right.
>
>THE COURT: And have you had a sufficient amount of time to talk to Mr. Slawinski about this decision?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Do you have any questions for me or Mr. Slawinski about this decision?
>
>THE DEFENDANT: No.
>
>THE COURT: Okay. Anything else, Mr. Slawinski, that you want me to cover?
>
>MR. SLAWINSKI: No, your Honor. Thank you.

(Dkt. 109 at 27-28). Thus, at best, Petitioner's claim is that his attorney provided bad advice concerning the advantages and disadvantages of testifying, but notwithstanding that purportedly bad advice, it was Petitioner who ultimately elected not to testify. And the Second Circuit has "recognized that 'counsel should always advise the defendant about the benefits and hazards of testifying and of not testifying, and may strongly advise the course that counsel thinks best.'" *Morales v. United States*, No. 21-890-PR, 2022 WL 7204972, at *2 (2d Cir. Oct. 13, 2022) (quoting *Brown*, 124 F.3d at 79). Thus, Petitioner's allegations do not come close to meeting the objective prong of *Strickland*.

Even if Petitioner could establish objectively unreasonable advice, he has wholly failed to satisfy the subjective prong of *Strickland*. Specifically, "the Court concludes that there is no 'reasonable probability that the result of the proceeding would have been different'" if Petitioner had testified. *Heron v. Griffin*, No. 18-CV-00004 (JFB), 2019 WL 1050011, at *10 (E.D.N.Y. Mar. 5, 2019) (citation omitted). Although not specified in any

great detail, Petitioner seems to suggest that had he testified he would have testified that "much of the testimony of the witnesses against him was either incorrect or completely untrue." (Dkt. 115 at 12). Needless to say, this is not particularly persuasive, especially given the overwhelming evidence in support of Petitioner's conviction. Moreover, Petitioner's credibility would have been highly suspect as a witness, given his demonstrably false and inconsistent statements made during the video-recorded interview. Therefore, Petitioner has failed to establish that the verdict would have been any different if he had decided to testify.

Accordingly, Petitioner's arguments that his trial counsel was ineffective as set forth in Grounds One, Two, and Three are rejected.

### B. Ground Four

Petitioner contends that his trial counsel was ineffective by not putting "forth a meaningful adversarial testing of the evidence used by the government during his trial." (Dkt. 115 at 14). Petitioner argues that the "entire record of the trial reflects such ineffectiveness." (*Id*.). Yet, while summarizing various items of evidence that Petitioner contends should have been challenged by trial counsel, he fails to offer any real specifics as to the purported defects in trial counsel's performance.

"[T]he conduct of examination and cross-examination is entrusted to the judgment of the lawyer, and an appellate court on a cold record should not second-guess such decisions unless there is no strategic or tactical justification for the course taken." *Luciano*, 158 F.3d at 660. Here, it is apparent that Petitioner was defended very ably and effectively by trial counsel and there is no basis for a conclusion that counsel's performance was

- 11 -

objectively unreasonable. Trial counsel focused on challenging the government's ability to prove that Petitioner was the individual who set the building on fire. He challenged the failure of the government to offer any motive for Petitioner's alleged conduct and the alleged inconclusive nature of the video evidence. Trial counsel also offered an alternate explanation for the items seized from the Chevy Trailblazer (*see* Dkt. 109 at 71-75), and he attacked the voluntary nature of the statements made by Petitioner to law enforcement.

Furthermore, even if trial counsel made some error in his performance in terms of attacking the government's evidence, the proof against Petitioner was significant, and thus, the *Strickland* subjective prong is unsatisfied. Therefore, Ground Four is rejected as providing any basis for habeas relief.

### C. Ground Five

Petitioner contends that his trial counsel was ineffective by failing to make a Rule 29 motion after trial. (Dkt. 115 at 18-20). However, trial counsel did move pursuant to Rule 29 after the close of the government's proof and the Court denied that motion. (Dkt. 109 at 21-26).[5]

To the extent that Petitioner is arguing that trial counsel should have filed another motion after the return of the guilty verdict, any such claim lacks merit because the Rule

---

[5] Trial counsel did not renew the Rule 29 motion at the close of the defense case, which means that any review of the denial of the Rule 29 motion on appeal would have been for "plain error or manifest injustice" only. *See United States v. Ketabchi*, 832 F. App'x 41, 44 (2d Cir. 2020). However, sufficiency of the evidence was never raised on appeal (*see* Dkt. 112 at 3-4 (describing issues raised on appeal)), and therefore the failure to renew the Rule 29 motion had no practical impact. Moreover, as discussed herein, the evidence was more than sufficient to sustain the convictions.

29 motion was already denied. *See Kergil v. United States*, Nos. 17 Civ. 4675 (CM), No. 12 Cr. 152 (CM), 2019 WL 3940621, at *13 (S.D.N.Y. Aug. 1, 2019) ("The failure to renew a Rule 29 motion at the close of trial does not constitute ineffective assistance of counsel, where the Court has previously denied the motion at the close of the Government's case."); *Geronimo v. Rushing*, Nos. 11-CV-1121(CBA), 14-CV-2221(CBA), 2014 WL 4678253, at *19 (E.D.N.Y. Sept. 19, 2014) (failure to renew motion for acquittal after return of verdict does not constitute ineffective assistance of counsel given the heavy burden that a defendant must satisfy on a Rule 29 motion and the fact that the court had already denied the previous Rule 29 motion); *see also United States v. Finley*, 245 F.3d 199, 204 (2d Cir. 2001) ("[W]e find that the failure of Finley's counsel to renew the motion for acquittal did not amount to inadequate representation.").

In other words, trial counsel's failure to renew the Rule 29 motion after return of the guilty verdict was not objectively unreasonable, and furthermore the failure to renew the Rule 29 motion did not prejudice Petitioner because the evidence was more than sufficient to support the conviction. Thus, Ground Five does not warrant habeas relief and is denied.

### D.     Ground Six

Petitioner contends that the District Court erred by not moving *sua sponte* for an immediate Rule 29 inquiry. (Dkt. 115 at 18-20). The government correctly argues in opposition that Petitioner never raised this argument on direct appeal, and therefore he is barred from raising such a claim now. (*See* Dkt. 118 at 20-21). As the Second Circuit has explained:

> Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent."

*Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (citations omitted). Here, Petitioner does not address his failure to raise this issue on direct appeal, let alone any cause and prejudice—or actual innocence. Petitioner never raised the sufficiency of the evidence on appeal nor did he challenge this Court's denial of the Rule 29 motion. (*See* Dkt. 112 at 3-4 (describing issues raised on appeal)). Thus, his attempt to argue in support of his habeas petition that the Court erred in not *sua sponte* granting a Rule 29 motion based on the insufficiency of the evidence, is procedurally defaulted. *See, e.g., Kergil*, 2019 WL 3940621, at *7 (defendant procedurally defaulted and was barred from pursuing a sufficiency of the evidence argument with § 2255 petition where the issue was never raised on direct appeal).

Moreover, Petitioner's claim ignores the fact that the Court did consider Rule 29—albeit not *sua sponte* but on trial counsel's motion—and rejected the argument that a reasonable jury could not find as to each and every element of the charge under consideration that the government had proven its case beyond a reasonable doubt. Indeed, the Rule 29 standard sets a high bar for a defendant seeking to set aside a jury verdict. "In considering a motion for judgment of acquittal, the court must view the evidence presented in the light most favorable to the government." *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999). "If *any* rational trier of fact could have found the essential elements of the crime, the conviction must stand." *United States v. Puzzo*, 928 F.2d 1356, 1361 (2d

Cir. 1991) (quotation and citation omitted). "A jury's verdict will be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." *Nersesian*, 824 F.2d at 1324.

The evidence introduced at trial was more than sufficient to support the guilty verdict in this case. The elements of the § 844(i) count were that Petitioner set fire or used an explosive to damage or destroy, or in an attempt to damage or destroy, property; that he acted maliciously; and that the property was used in or affecting interstate commerce. *See* Leonard B. Sand, *et al.*, *2 Modern Federal Jury Instructions: Criminal*, Instruction 30-2. The parties stipulated that the Chili Express Mini Mart was used in and affecting interstate commerce. (Dkt. 101 at 74-75). And the proof introduced at trial, particularly viewed in the light most favorable to the government, established that Petitioner maliciously set fire to the Chili Express Mini Mart on January 18, 2015, through the use of Molotov cocktails, resulting in the destruction of property.

Likewise, for the count charging possession of unregistered Molotov cocktails, the government presented the testimony of John Coleman from ATF's National Firearms Act Division, who testified that no registration existed in the National Firearms Registration and Transfer Record pertaining to Petitioner for any machine guns, short-barreled rifle, short-barreled shotgun, silencers or destructive devices (including Molotov cocktails). (*See* Dkt. 109 at 7-18). For this count, the government needed to establish that Petitioner possessed the Molotov cocktail on or about the date alleged; that Petitioner knew he possessed the Molotov cocktail; and that it was not registered by Petitioner in the National Firearms Registration and Transfer Record. *See* Leonard B. Sand, *et al.*, *2 Modern Federal*

*Jury Instructions: Criminal*, Instruction 35-97. Like the § 844(i) count, the evidence at trial plainly supported the jury's verdict on this count.

Thus, Ground Six does not provide a basis for habeas relief and it is rejected.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court denies Petitioner's § 2255 motion. (Dkt. 115). The Clerk of Court is directed to close case number 6:20-CV-06847. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 15, 2023
          Rochester, New York